MAX STRAUSS, Trading as STRAUSS & COMPANY, Respondent, v. LEOPOLD ERSTEIN and Others, Copartners, Trading under the Firm Name and Style of L. ERSTEIN & BROTHER, Appellants.

First Department, February 6, 1920.

**Principal and agent — contract between factors and selling agent providing for commissions construed — right of factors to commission upon proceeds of sale made by selling agent without their knowledge or consent.**

In an action by a selling agent against factors to recover commissions it appeared that the defendants had written a letter to the plaintiff which provided in part as follows: " We herewith beg to confirm the arrangement under which we are to act as factors for you and the accounts whom you

represent as Selling Agents: All your goods are to be delivered and consigned to us  * * *  and all sales to be subject to our approval.  * * *
Out of the commission which *you and we* will receive from the manufacturers for whom you act as Selling Agents, we will retain 2% for ourselves
and turn over the excess of this commission to your credit." A subsequent letter by the defendants to one of the principals for whom plaintiff
was acting, written in accordance with the custom and with the approval
of the plaintiff, was in part as follows: " Messrs. Strauss & Co. [plaintiff]
state that they are to act as selling agents *for a part of your production, we
to be the factors,*  * * *.  *All sales are to be made through us* subject to
our approval,  * * *." It also provided for commissions. Provisions
of the contracts evidenced by the aforesaid letters examined, and
*Held*, that the defendants are entitled to commissions upon the proceeds of a
sale by the plaintiff of goods of the aforesaid principal made without the
knowledge or consent of the defendants and concealed from them.
CLARKE, P. J., and PAGE, J., dissented.

APPEAL by the defendants, Leopold Erstein and others,
from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New
York on the 27th day of June, 1919, upon the verdict of a jury
rendered by direction of the court, and also from an order
entered in said clerk's office on the 9th day of August, 1919,
denying. defendants' motion for a new trial made upon the
minutes.

The direction of the verdict was upon motion made by both
parties for a directed verdict and, therefore, the court is deemed
to have decided any question of fact, except that submitted
to the jury, in favor of the plaintiff.

*Daniel P. Hays* of counsel [*Edwin D. Hays* with him on the
brief; *Hays, Hershfield & Wolf,* attorneys], for the appellants.

*Jerome A. Strauss* of counsel [*Max D. Steuer,* attorney], for
the respondent.

SMITH, J.:

The question here for determination rests upon two contracts which are treated as one because of the relations of the
parties. The first contract is contained in a letter from the
defendants to the plaintiff of date November 25, 1914, the
material part of which reads as follows:

" GENTLEMEN.— We herewith beg to confirm the arrangement under which we are to act as factors for you and the

accounts whom you represent as Selling Agents: All your goods are to be delivered and consigned to us free of all charges together with original bills, showing proper title in your name to the goods and all sales to be subject to our approval. We will keep the goods insured against fire and burglary. We will undertake the delivery and packing of the goods, the billing and bookkeeping, and furnish local telephones and light, and will guarantee the accounts which have been checked by us. Our commission for doing all the above, is to be two per cent. (2%) of the net amount of the charges and $375 each and every month during the period of this contract. Out of the commission which *you and we* will receive from the manufacturers for whom you act as Selling Agents, we will retain 2% for ourselves and turn over the excess of this commission to your credit."

After reciting other matters which are immaterial to this discussion, and after the signature of the defendants, appears a postscript, as follows: " On and after April 1st, 1915, this agreement continues on the same terms and conditions excepting that the initial fixed charge for commission which has heretofore been $375 each month is reduced to $300 each month." This contract was approved in writing by the plaintiff upon March 5, 1915.

It seems to have been the custom, where a party was to act as factor for other parties who were acting as selling agents, that a contract is entered into between this factor and the principal whose goods were to be sold. This was recognized by the plaintiff. One of the principals for whom plaintiff was acting as selling agent was the Pawtuxet Valley Textile Company, Riverpoint, R. I. In accordance with the custom then, and with the approval of the plaintiff, the defendants wrote to the Pawtuxet Valley Textile Company in part as follows:

" NEW YORK, *June 12th,* 1915.
" THE PAWTUXET VALLEY TEXTILE CO.,
                    " Riverpoint, R. I.:
" GENTLEMEN.— Messrs. Strauss & Co. state that they are to act as selling agents *for a part of your production, we to be the factors,* on the following conditions: Goods are to be delivered and consigned to us at our store, free of all charges. *All*

*sales are to be made through us* subject to our approval, and the goods when sold, are to be invoiced in our name. The commission of Messrs. Strauss & Co. and ourselves for the services to be rendered by them and ourselves including cash discount and dating is to be fifteen per cent. (15%) of the net amount of the sales. This commission covers space for the keeping, displaying and selling of the goods, fire and burglary insurance, packing and delivery of said goods in Greater New York and services in connection with the collection of the accounts, including stationery and postage. We guarantee the solvency of the debtors at the time of maturity of all approved sales. In the event of the return of goods by the customers, or in the event that at any time prior or subsequent to the maturity of the account any customer disputes his liability thereon in whole or in part, the advance made on such account may be charged to and shall on demand be paid to us by you."

The contract then provides for what advances shall be made upon the goods as not more than sixty-six and two-thirds per cent of the net market value, and refers to other matters not material to this discussion, and was accepted and approved by the Pawtuxet Valley Textile Company.

The plaintiff and the defendants thereupon entered upon this enterprise, the defendants selling both the goods of the plaintiff and the goods of other parties for whom the plaintiff was the selling agent, including the goods of the Pawtuxet Valley Textile Company. The relations continued until October 1, 1917, at which time the defendants made a statement to the plaintiff as to the account in respect of the goods which had been sold by the defendants as factors. It seems, however, that during this time the plaintiff had sold for the Pawtuxet Valley Textile Company goods to the value of $464,658, without the knowledge or consent of the defendants and had concealed this fact from the defendants. Defendants claim their right to two per cent upon this amount. The plaintiff claims that it had the right to sell these goods irrespective of any contract with the defendants and independently thereof and denies its liability to pay any percentage thereupon to the defendants, but claims the amount paid upon the other transactions between the plaintiff and defendants in

reference to the goods sold by the defendants. The trial court directed a verdict for the plaintiff for the amount due upon the sales made by defendants, holding that the defendants had no interest in the proceeds of the goods sold by the plaintiff for the Pawtuxet Valley Textile Company.

As I read these contracts the sale by the plaintiff of these goods of the Pawtuxet Valley Textile Company entitled the defendants to their two per cent commission upon the proceeds of such sale. In the contract with Strauss the defendants confirmed the arrangement " under which we are to act as factors for you and the accounts whom you represent as Selling Agents." Further, " All your goods are to be delivered and consigned to us free of all charges together with original bills." Further, " Out of the commission which you and we will receive from the manufacturers for whom you act as Selling Agents, we will retain 2% for ourselves and turn over the excess of this commission to your credit."

It is true that Strauss was not the sole selling agent for these different parties for whom he was acting, that is, he was selling agent for a part only of their goods. But to that extent it would seem that the defendants were to act as factors. In the contract with the Pawtuxet Valley Textile Company it states: " Messrs. Strauss & Co. state that they are to act as selling agents for a part of your production, *we to be the factors*, on the following conditions: Goods are to be delivered and consigned to us at our store, free of all charges. *All sales are to be made through us* subject to our approval, and the goods when sold, are to be invoiced in our name. The commission of Messrs. Strauss & Co. and ourselves for the services to be rendered by them and ourselves including cash discount and dating is to be fifteen per cent. (15%) of the net amount of the sales." These contracts indicate as clearly as can be indicated the combination between this plaintiff and these defendants to act together in respect of *all sales* for which Strauss was to act as selling agent, and the division is therein specified of all commissions on all sales made by Strauss or the defendants. There is no evidence in the case as to any local customs, and relying upon the wording of the contracts themselves, the defendants would seem to have the right to two per cent upon all sales which the plaintiff himself assumed to make for

the Pawtuxet Valley Textile Company.   There is no claim that plaintiff made independent sales for any other company, and upon his right to make these sales independently of these contracts and obtain the full commissions the parties finally split and the arrangement was dissolved.

This judgment is sought to be sustained on the general principle that a factor should receive commissions only on sales made by the factor.   But the fact that defendants were to be the factors in all sales in which Strauss acted may have been the impelling cause of the contract.   The factors were to supply space for the exhibition and ·sale of these goods.   They were to insure against fire and burglary, they were to undertake the delivery and packing of the goods, the billing and bookkeeping, and furnish local telephones and light. All these obligations involved the renting of substantial space and the employment of not inconsiderable help and these obligations are presumably assumed upon the faith of the plaintiff's contract that defendants were to act as factors for all goods thus handled by plaintiff as selling agents, provided such an interpretation of the contract is fairly indicated.

It is finally claimed that this statement of the account as to the goods handled by the defendants was an account stated between the parties.   This is denied by the defendants.   The account itself purports simply to be an account of sales made by the defendants and does not purport to be an account of all transactions between them.   Furthermore, the court, in announcing its decision, put its decision entirely upon the ground that under the contract there was at no time any right of the defendants to any of the moneys received by Strauss for the sale by him of the product of the Pawtuxet Valley Textile Company.

The judgment should, I think, be reversed, with costs, and judgment directed for defendants in accordance herewith for $4,568.49 (the difference between the amount admitted to be due plaintiff and the amount of defendants' counterclaim), with costs.

DOWLING and PHILBIN, JJ., concur; CLARKE, P. J., and PAGE, J., dissent.

Judgment and order reversed, with costs, and judgment ordered in favor of defendants for $4,568.49, with costs.